United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20490
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX ALFONSO GUERRA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-593-1

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM:[*]

Felix Alfonso Guerra pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The PSR recommended a base offense level of 20 and a four-level enhancement for Guerra's possession of a firearm "in connection with another felony offense, to wit: possession with he intent to deliver cocaine." With a total offense level of 24, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a criminal history of VI, the resulting guidelines imprisonment range was 100-125 months. The district court sentenced Guerra to the statutory maximum of 120 months. We affirmed. See United States v. Guerra, 87 Fed. Appx. 428 (5th Cir. Feb. 18, 2004). On January 24, 2005, the Supreme Court vacated our judgment and remanded to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Criston v. United States, 125 S. Ct. 1112 (2005) (consolidated petition including Guerra).

Guerra now contends that his sentence runs afoul of Booker. As Guerra acknowledges, he did not raise a Booker-type issue in the district court and, thus, our review is for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). In order to establish plain error, Guerra must show: (1) error, (2) that is clear and obvious, and (3) that affects substantial rights. Mares, 402 F.3d at 520; United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

Guerra further acknowledges that, under Mares, his claim fails at the third step of the plain error analysis because he has not shown that the error affected his substantial rights. There is no indication in the record that the district court would have imposed

a lower sentence if the guidelines had been advisory.  See Infante, 404 F.3d at 394-95.  Guerra has not carried his "burden of demonstrating that the result would have likely been different had the judge been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime."  Mares, 402 F.3d at 522 (emphasis added).  Guerra pursues this appeal only to preserve issues for further review.

We reinstate our prior opinion affirming Guerra's conviction and sentence.  AFFIRMED.